UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD SEITZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-05346-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 21, 25 |

　　　　Seitz, a technician with United Airlines, questions the accuracy of the most recent wage increase that was calculated pursuant to the collective bargaining agreement between United and its employees. But when he attempted to challenge this calculation using the internal grievance process, he hit a dead end: the union declined to pursue his grievance beyond the second step. Seitz therefore seeks relief in federal court, claiming that the union breached its duty of fair representation by closing out his grievances prematurely. Seitz also sues United, claiming that it violated the collective bargaining agreement and California law by miscalculating the wage reset and failing to disclose the method and data behind the calculation. The union defendants and United have moved to dismiss the complaint in its entirety. Because Seitz's allegations do not plausibly allege that the union acted arbitrarily or in bad faith, the complaint is dismissed with leave to amend.[1]

　　　　1. A union has the duty "to serve the interests of all members without hostility or

---

[1] Seitz argues that he has a statutory right to arbitrate his claims against United without the union's support. This issue is not before the Court because Seitz does not allege that United has refused to arbitrate and does not seek an order compelling United to arbitrate.

discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Addington v. U.S. Airline Pilots Association*, 791 F.3d 967, 983 (9th Cir. 2015) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). Alleging a breach of this duty is a high bar—when a union exercises its judgment (as opposed to performing ministerial or procedural tasks), its conduct is arbitrary "only when it is irrational, [or] when it is without a rational basis or explanation." *Beck v. United Food & Commercial Workers Union*, 506 F.3d 874, 879 (9th Cir. 2007) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998)).

Seitz's allegations do not rise to this level. The union's decision to terminate Seitz's grievance was the result of a deliberative process: it was only after a Second Step hearing that the union ultimately decided not to pursue the grievance.[2] Without plausible allegations of discrimination or bad faith, this type of judgment call is subject to substantial deference. *See Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270, 1273 (9th Cir. 1983). Additionally, as alleged in the complaint, the union's failure to provide Seitz with the data and model used in the industry reset calculation was not a breach because it too was a reasonable exercise of the union's judgment. The explanation given to Seitz—that components of the data are proprietary and therefore cannot be shared beyond the economists who performed the calculation—is reasonable under the circumstances.

2. Because Seitz has not stated a claim against the union defendants, this Court does not have jurisdiction over his claim that United breached the collective bargaining agreement. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987).

3. The Railway Labor Act (RLA) requires that "controversies over the meaning of an existing collective bargaining agreement" be resolved through the grievance procedures established by the Act; such disputes may not be resolved by pursuing state-law claims in court. *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1244 (9th Cir. 2021) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994)). Seitz's claims under sections 222 and 223 of the

---

[2] The fact that the union closed Seitz's grievance after the first step and subsequently reopened it is not enough, without more, to suggest bad faith or discrimination on the part of the union.

California Labor Code are therefore preempted: to determine whether United withheld wages owed to Seitz, the Court would need to calculate the raise owed under the industry reset provision. This would require an interpretation of the collective bargaining agreement, and therefore "must be resolved through grievance and arbitration." *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018) (en banc).

4. Finally, Seitz has not stated a claim under section 226 of the California Labor Code. Section 226 requires employers to provide their employees with wage statements that include nine pieces of information (including, for example, the net and gross wages earned, total hours worked, and applicable hourly rates during the relevant pay period). Cal. Labor Code § 226(a). Seitz argues that the wage statements he received from United were inadequate because they did not disclose the formula or data that was used in calculating the technicians' wage reset. But United was not required to provide this information; while section 226 requires employers to list hourly rates on their wage statements, it does not require employers to include the information that went into the wage reset.

\* \* \*

The complaint is dismissed in its entirety with leave to amend. All deadlines and hearings are vacated. Any amended complaint is due within 21 days of this order. If no amended complaint is filed, dismissal will be with prejudice and the case will be closed.

**IT IS SO ORDERED.**

Dated: November 30, 2021

_____
VINCE CHHABRIA
United States District Judge